**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS WELFARE FUND; NORTHWEST SHEET METAL WORKERS PENSION FUND; NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST;, <br><br> Plaintiffs, <br><br> v. <br><br> SAFWAY GROUP HOLDING LLC, <br><br> Defendant. | No. <br><br><br> **COMPLAINT FOR MONIES DUE AND FOR INJUNCTIVE RELIEF** |

**JURISDICTION AND VENUE**

1. This is an action brought pursuant to Section 301 of the National Labor Relations Act, as amended (hereafter "the Act"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132. Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 185(a), 1132(a), (e) and (f).

//

//

COMPLAINT - 1

Law Offices Of
McKanna Bishop Joffe LLP
==========================
1635 NW Johnson St.
Portland, OR 97209
(503) 226.6111 • fax (503) 226-6121

## PARTIES

2. Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Welfare Fund is administered in the State of Washington.

3. Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

4. Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). Plaintiff Pension Fund is administered in the State of Washington.

5. SAFWAY GROUP HOLDING LLC ("Defendant"), is a sheet metal contractor and is a party to a collective bargaining agreement with Sheet Metal Workers Local Union 23 ("Local 23"). Local 23 is a labor organization. It represents for purposes of collective bargaining persons who are employed in the construction industry. That industry affects commerce within the meaning of the Act. Defendant has employed or does employ persons represented by Local 23. Defendant's principal place of business is 7808 Hartzell Rd., Suite 101, Anchorage, Alaska 99507.

COMPLAINT - 2

LAW OFFICES OF
McKanna Bishop Joffe LLP
===========================
1635 NW Johnson St.
Portland, OR 97209
(503) 226.6111 · FAX (503) 226-6121

# CLAIM FOR RELIEF

6. The Collective Bargaining Agreement ("CBA") between Defendant and Local 23 was in effect at all times material hereto. By that agreement Defendant became obligated to make monthly contributions to Plaintiffs Welfare, Pension, and Supplemental Pension Trusts on behalf of employees represented by Local 23.

7. Defendant has also agreed to and has received money from its Local 23 employees, as part of the employees' after-tax wages, which Defendant is and was obligated on a monthly basis to deposit into each employee's account, or submit to Local 23 as part of each employee's dues obligation. Defendant holds such money in trust.

8. The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month and are considered delinquent if not received within 20 days after the end of each calendar month.

9. For the period beginning August 2016 and continuing to the present, Defendant failed either timely or entirely to file its contribution reporting forms and to make payments due to plaintiffs despite its obligation under the collective bargaining agreements to do so and despite demand by plaintiffs.

10. The dollar amount due to Plaintiffs cannot be ascertained without reviewing Defendant's employment records for the period in question.

11. Unless ordered by this Court, Defendant will continue to refuse to file contribution reporting forms, and to pay to the Plaintiffs the payments due them. As a result, Plaintiffs will be irreparably damaged.

COMPLAINT - 3

Law Offices Of
McKanna Bishop Joffe LLP
===========================
1635 NW Johnson St.
Portland, OR 97209
(503) 226.6111 • fax (503) 226-6121

12. In addition to the unpaid contributions, Plaintiffs are entitled to the following pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and Section 301 of the Act, 29 U.S.C. § 185, as amended:

(a) Interest on the unpaid or delinquent contributions;

(b) An amount equal to the greater of:

(i) interest on the unpaid contributions (hereinafter "penalty"), or

(ii) liquidated damages in an amount equal to 20% of the amount awarded as unpaid or delinquent contributions, as provided for in the Trust Agreement (hereinafter "liquidated damages"); and

(c) Reasonable attorneys' fees and the costs of this action.

13. A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h).

WHEREFORE, plaintiffs demand judgment against the Defendants:

1. Obligating Defendant to pay to Plaintiffs, the full amount of contributions owing to them for the period from August 2016 to date of judgment, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreement, and the collective bargaining agreement;

2. Restraining and enjoining Defendant, its officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with it from: (a) refusing to file contribution reporting forms due to Plaintiffs for the period from August 2016 date of judgment, and for all periods thereafter for which Defendant is obligated to file such reports under the terms of the collective bargaining agreement, and (b) refusing to pay to Plaintiffs all funds, including interest, penalties, and liquidated damages, due for the period August 2016 date of judgment, and

COMPLAINT - 4

LAW OFFICES OF
McKanna Bishop Joffe LLP
==========================
1635 NW Johnson St.
Portland, OR 97209
(503) 226.6111 · FAX (503) 226-6121

for all periods thereafter for which Defendant is obligated to make payments under the terms of the collective bargaining agreement;

  3. Requiring Defendant to pay to Plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U.S.C. § 1132(g); and

  4. Granting Plaintiffs such further and other relief as may be just and proper.

DATED this 5th day of January, 2017.

> s/ Daniel Hutzenbiler
> WSBA No. 36938
> Attorney for Plaintiffs
> McKanna Bishop Joffe
> 1635 NW Johnson St.
> Portland, OR 97209
> Telephone: (503) 226-6111
> Fax: (503) 226-6121
> E-mail: dhutzenbiler@mbjlaw.com

COMPLAINT - 5

LAW OFFICES OF
McKanna Bishop Joffe LLP
=========================
1635 NW Johnson St.
Portland, OR 97209
(503) 226.6111 • FAX (503) 226-6121